Jeffrey Thomas HAPP, Appellant,

v.

The STATE of Texas, State.

No. 2–97–116–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 11, 1997.

J. Rex Barnett, Fort Worth, for Appellant.

Tim Curry, District Attorney, Charles M. Mallin, Debra Ann Windsor, Tim Bednarz, Assistant District Attorneys, Fort Worth, for State.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

PER CURIAM.

Jeffrey Thomas Happ appeals his conviction for burglary of a building. We dismiss the appeal for lack of jurisdiction.

Appellant pleaded guilty to the offense of burglary of a building and was placed on six years' deferred adjudication probation. The State moved to proceed to adjudication of guilt and a capias was issued for his arrest the same day. Appellant was arrested six months later, which was three months after his original probationary period ended. Pursuant to a plea agreement, appellant pleaded true to violating the terms of his deferred adjudication probation and the trial court found him guilty of the lesser-included offense of attempted burglary of a building and sentenced him to ten months' confinement in the Tarrant County Jail. At the hearing, appellant claimed that the State did not act with due diligence in securing his arrest before the end of his probationary period. The trial court found that the State had acted with due diligence but gave appellant permission to appeal the due diligence issue. Appellant filed a general notice of appeal.

We are without jurisdiction to consider appellant's point because he has failed to comply with Texas Rule of Appellate Procedure 25.2(b)(3), formerly rule 40(b)(1), which requires the notice of appeal to state that the trial court granted permission to appeal.[1] *See Watson v. State,* 924 S.W.2d. 711, 712 (Tex.Crim.App.1996); *Davis v. State,* 870 S.W.2d 43, 46–47 (Tex.Crim.App.1994). Appellant's notice of appeal did not state that the trial court had granted him permission to appeal. The reporter's record from the hearing shows that the trial court granted appellant permission to appeal the due diligence issue. There is no document in the clerk's record, however, containing the extra-notice requirements of rule 25.2(b)(3). *See Davis,* 870 S.W.2d at 47; *Riley v. State,* 825 S.W.2d 699, 700–01 (Tex.Crim.App.1992).

---

1. The State urges us to apply old rule 40(b)(1) under the theory that an injustice would result if we follow the new rule, but it fails to identify what that injustice would be and we have been unable to ascertain one. The relevant provisions of old rule 40(b)(1) and new rule 25.2(b)(3) are virtually identical and the same result would be reached in this case under either version of the rule. *Compare* Tex.R.App. P. 40(b)(1), 49 Tex. B.J. 566 (Tex.Crim.App.1986, amended 1997) *with* Tex.R.App. P. 25.2(b)(3).

This case is factually similar to *Davis v. State.* At the hearing on the State's petition to proceed to adjudication in the *Davis* case, the appellant pleaded *nolo contendere* and the trial court granted her permission to appeal the trial court's ruling on her motion to suppress. *See Davis,* 870 S.W.2d at 46. In order to appeal, appellant was required to indicate in her notice of appeal that the trial court granted permission to appeal or to specify that the matters were raised by written motion and ruled on before trial. *Id.; see also* TEX.R.APP. P. 25.2(b)(3). However, the appellant failed to meet either of those requirements and instead filed only a general notice of appeal. *Davis,* 870 S.W.2d at 46. The Court of Criminal Appeals held that a general notice of appeal is insufficient to confer jurisdiction on a court of appeals in an adjudication of guilt pursuant to Texas Code of Criminal Procedure article 1.15. *See id.* at 45. Here, appellant pleaded guilty and at the hearing the trial court granted him permission to appeal the due diligence issue. Like the *Davis* appellant, he filed only a general notice of appeal. As a result, we do not have jurisdiction to hear his point.

We dismiss the appeal for lack of jurisdiction.