**Steven Dale FINCH, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–00–414–CR, 2–00–415–CR, 2–00–416–CR.**

Court of Appeals of Texas, Fort Worth.

March 15, 2001.

Brown & Gonzalez, P.C., Ruben Gonzalez, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Dist. Atty. and Chief of Appellate Section, for state.

Panel D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

**OPINION**

CAYCE, Chief Justice.

Steven Dale Finch appeals three convictions for robbery by threats. After considering whether appellant's notice of appeal invoked the jurisdiction of this court, we conclude our jurisdiction was properly invoked.

## BACKGROUND

On September 18, 2000, pursuant to plea bargain agreements, appellant pleaded guilty to three charges of robbery by threats, and the trial court assessed punishment at 45 years' confinement in each case. Following the plea proceeding, appellant filed a general notice of appeal.

Upon receipt of the clerk's record, we informed appellant's counsel by letter that his notice of appeal failed to conform to the mandatory requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, in that it does not specify the appeal is for a jurisdictional defect; that the substance of the appeal was raised by written motion and ruled on before trial; or, that the trial court granted permission to appeal. TEX.R.APP. P. 25.2(b)(3). We, therefore, requested appellant's counsel to identify any issues that may be raised on appeal and explain why those issues warranted continuation of the appeal.

In response to our request, counsel filed a letter brief alleging that the clerk's record in each case reflects that appellant raised by written motion certain pretrial matters that were ruled on before trial and that, based on appellant's agreement with the State, the trial court granted appellant permission to appeal those rulings. He proposes that this is sufficient to invoke our jurisdiction to review his complaints in these appeals.

## DISCUSSION

■ The jurisdiction of this court to hear and determine the appeal of a criminal case is invoked by giving notice of appeal. *Lemmons v. State*, 818 S.W.2d 58, 60 (Tex.Crim.App.1991). The notice of appeal must be timely, in writing, and substantively correct. *State v. Riewe*, 13 S.W.3d 408, 410–13 (Tex.Crim.App.2000); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.

Crim.App.1996); *State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim.App.1992).

■ Rule 25.2 of the rules of appellate procedure states the substantive written requirements for notices of appeal in all criminal cases. This rule provides, in relevant part, as follows:

**25.2 Criminal Cases.**

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, *the notice must:*

(A) *specify that the appeal is for a jurisdictional defect;*

(B) *specify that the substance of the appeal was raised by written motion and ruled on before trial; or*

(C) *state that the trial court granted permission to appeal.*

TEX.R.APP. P. 25.2 (emphasis supplied). A notice that substantially complies with these written requirements is sufficient to invoke our jurisdiction over an appeal. *Riley v. State*, 825 S.W.2d 699, 701 (Tex. Crim.App.1992); *Ramirez v. State*, 63 S.W.2d 471, 474 (Tex.App.—Fort Worth 2001, pet. filed) (op. on PDR). The ques-

tion we must decide here is whether a notice substantially complies with Rule 25.2 when the information required to be specified in the notice is contained elsewhere in the clerk's record. We hold that it does.

In *Riley v. State*, the court of criminal appeals granted the State's petition for discretionary review to decide whether a general notice of appeal was sufficient to invoke the jurisdiction of the court of appeals to consider a complaint regarding the trial court's pretrial ruling on a motion to suppress. *Riley*, 825 S.W.2d at 700. After the motion was denied, the defendant pleaded guilty to unlawful possession of cocaine and unlawful possession of amphetamine and the trial judge assessed punishment in accordance with a plea bargain. *Id.* at 699–700. The court of appeals reversed the convictions and ordered acquittals after determining that the police had lacked probable cause to arrest appellant. *Id.*

In its petition for discretionary review, the State argued that the court of appeals lacked jurisdiction because appellant's notice did not contain a statement that the trial court granted permission to appeal, or that the matters appealed were raised by written motion and ruled on before trial as required by former Rule 40(b)(1).[1] *Id.* at 700. However, included in the record was an order signed by the trial judge entitled "Order Limiting Defendant's Appeal." *Id.* at 701. The order recited that appellant was assessed punishment in accordance with a plea bargain, that the trial court allowed appeal pursuant to article 44.02,

and that a motion to suppress challenging the legality of the arrest was raised before trial. *Id.* Under these facts, the court of criminal appeals held:

> [W]hen all the information required by Rule 40(b)(1) is contained in an order by the trial court and the order is in the appellate record along with a timely filed notice of appeal, the Court of Appeals has jurisdiction to address jurisdictional and also those non-jurisdictional defects recited in the order.
>
> Appellant's notice of appeal coupled with the court's order substantially complied with Rule 40(b)(1) to permit review of properly preserved non-jurisdictional issues.

*Id.*

In *Ramirez v. State*, the appellant challenged the subject matter jurisdiction of the criminal district court on the grounds that he was under the exclusive original jurisdiction of juvenile court. *Ramirez*, 63 S.W.3d at 473. Although he had entered into a plea bargain, appellant filed a notice of appeal that did not specify "that the appeal is for a jurisdictional defect." Tex. R.App. P. 25.2(b)(3)(A). Appellant, however, did attach his birth certificate to the notice which indicated a birth date for appellant that would place him under the jurisdiction of the juvenile courts. Relying on the court of criminal appeals' decision in *Riley*, we held that appellant's notice coupled with the attached birth certificate substantially complied with the substantive written requirements of Rule 25.2(b)(3) and, therefore, was sufficient to invoke our jurisdiction to consider the jurisdictional issue. *Ramirez*, 63 S.W.3d at 474.

---

1. Tex.R.App. P. 40(b)(1) (Vernon Pamph.1997, revised 1997) (707–708 S.W.2d LII–III (Texas Cases)).

In the instant case, the written plea admonishments in the clerk's record expressly state that "[t]he State and Defense stipulate and agree the Defendant shall have all rights to appeal as taken from pretrial motions heard before this court, Judge Young presiding," and that "the Defendant does not waive any pre-trial motions filed in this case or associated cases." Under the section entitled "Attorneys Approval, Judicial Findings and Judicial Notices," the parties also included a handwritten proviso that "[t]he State and Defense stipulates and agrees that any and all pretrial motions urged shall not be waived and are expressly preserved for appeal." The trial court and counsel for both the State and appellant indicated their approval of this proviso by affixing their initials immediately beneath it. In addition to these statements in the written plea admonishments, the plea bargain agreement states that "[t]he Defendant shall retain all rights to appeal pre-trial motions"; the trial court's "Certificate of Proceedings" indicates a "RT TO APPEAL PT MOTIONS"; and the trial court's judgment shows the terms of the plea agreement included appellant's "RT TO APPEAL PRETRIAL MOTIONS." We hold that appellant's notice of appeal combined with these written statements in the clerk's record substantially complies with Rule 25.2(b)(3). *Riley,* 825 S.W.2d at 701; *Ramirez,* 63 S.W.3d at 474; *see also Happ v. State,* 958 S.W.2d 474, 475 (Tex. App.—Fort Worth 1997, no pet.) (holding general notice of appeal insufficient where there was no document in the clerk's record containing the extra-notice requirements of Rule 25.2(b)(3)).

2. Appellant's conviction for a fourth robbery by threat offense is also pending on appeal

## CONCLUSION

Appellant's notice of appeal substantially complies with Rule 25.2(b)(3) and, therefore, invokes our jurisdiction over these appeals. Because our jurisdiction was properly invoked, appellant is permitted to amend his notice of appeal without leave of court before appellant's brief is filed. *See* Tex.R.App. P. 25.2(d).[2]

with this court in cause no. 02–00–399–CR.