Robert A. PROCTOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–00–022–CR.

Court of Appeals of Texas,
Corpus Christi.

April 26, 2001.

---

---

Dayna S. Tuttle, Yoakum, for Appellant.

Michael A. Sheppard, Crain and Sheppard, Cuero, Robert C. Lassmann, for Appellee.

Before: Justices HINOJOSA, CASTILLO, and MAURICE E. AMIDEI [1].

## OPINION

HINOJOSA, Justice.

In accordance with a plea bargain agreement, appellant, Robert A. Proctor, pleaded guilty to the offense of retaliation. The trial court found appellant guilty and assessed his punishment at ten years imprisonment and a $10,000 fine. By a single point of error, appellant contends his plea of guilty was involuntarily made because it was the result of ineffective assistance of counsel. We dismiss for want of jurisdiction.

### A. BACKGROUND

On December 13, 1999, pursuant to a plea bargain agreement, appellant appeared before Visiting Judge Antonio Can-

tu to enter a plea of guilty to the offense of retaliation. When Judge Cantu asked appellant about the voluntariness of his plea, appellant stated: "I am not guilty—I am pleading guilty for the public." After his counsel spoke with appellant off the record, Judge Cantu asked appellant if he was pleading guilty because he was guilty. Appellant responded, "Yes, sir." The judge then asked if he was doing this out of fear, and appellant responded, "Yes, sir." Appellant further stated:

> This is the sickest day of my life. I'm charged with two offenses that I'm both innocent of, but I have no money to take care of myself with.... I'm not going to get a fair trial with a court appointed lawyer.

As the questioning continued, appellant once again said he would take the guilty plea. As Judge Cantu tried to clarify appellant's plea, appellant stated, "What I'm telling you is, I would rather be just dismissed into eternity right now because this is worse than murdering somebody and especially being innocent." Judge Cantu refused to take the plea and set appellant's case for trial on the jury docket.

On December 21, 1999, appellant appeared before Judge Whayland Kilgore to enter a guilty plea pursuant to the same plea bargain agreement. During this hearing, appellant did not proclaim his innocence. Appellant stated that he was freely and voluntarily entering a plea of guilty and that he understood the nature of his plea. Judge Kilgore accepted appellant's guilty plea, found him guilty, and, pursuant to the plea bargain agreement, assessed his punishment at 10 years imprisonment and a $10,000 fine.

### B. JURISDICTION

■ Before we reach the merits of this case, we must address the State's conten-

---

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1998).

tion that this Court lacks jurisdiction to consider this appeal. Because appellant appeals from a judgment rendered on a plea of guilty pursuant to a plea bargain agreement, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we must consider the threshold issue of whether appellant's notice of appeal is sufficient to confer jurisdiction on this Court.

The record shows that appellant filed only a general notice of appeal. Thus, appellant failed to comply with the specific notice requirements of Texas Rule of Appellate Procedure 25.2(b)(3). *See* Tex. R.App.P. 25.2(b)(3).

 We have previously held that this Court has jurisdiction to hear a challenge to the voluntariness of a guilty plea, even if the appellant files a general notice of appeal. *See Marshall v. State,* 28 S.W.3d 634, 637 (Tex.App.—Corpus Christi 2000, no pet.); *Perez v. State,* 28 S.W.3d 627, 632 (Tex.App.—Corpus Christi 2000, no pet.) (holding that this doctrine, first espoused in *Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996) survived the 1997 amendments to the rules of appellate procedure). However, the Texas Court of Criminal Appeals has recently held that when an appellant fails to comply with the extra-notice requirements of Rule 25.2(b), the court of appeals lacks jurisdiction to consider the appeal, even for voluntariness issues. *See Cooper v. State,* 45 S.W.3d 77, 78, 2001 Tex.Crim.App. LEXIS 25, at *16 (Tex.Crim.App.2001) (holding that *Flowers* doctrine did not survive the amendment of the rules of appellate procedure and that Rule 25.2(b) does not permit the voluntariness of a plea to be raised on appeal,

unless the trial court has granted permission for an appeal).[2]

Accordingly, we conclude that this Court does not have jurisdiction to address appellant's claims of ineffective assistance of counsel, despite appellant's contention that his guilty plea was involuntarily made.

We dismiss this appeal for want of jurisdiction

---

2. We note that appellant waived his right to appeal as part of his plea bargain agreement, *see Blanco v. State,* 18 S.W.3d 218, 220 (Tex. Crim.App.2000), and the record contains no evidence that the trial court granted permission for an appeal.