**Bonnie Sue MARBUT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–091–CR.**

Court of Appeals of Texas, Waco.

Sept. 7, 2001.

Bennett Brantley Aufill, Hillsboro, for appellant.

Phil Robertson, Robertson & Robertson, L.L.P., Clifton, for appellee.

Before Chief Justice DAVIS, and Justices VANCE and GRAY.

**OPINION ON PETITION FOR DISCRETIONARY REVIEW**

VANCE, Justice.

On original submission, we dismissed this case for want of jurisdiction because of our prior holding that *State v. Riewe* foreclosed the opportunity to amend a notice of appeal. *Marbut v. State*, 49 S.W.3d 585 (Tex.App.—Waco 2001, no pet. h.) (citing *State v. Riewe*, 13 S.W.3d 408 (Tex.Crim.

---

**2.** See footnote 1.

App.2000); *Craddock v. State*, 32 S.W.3d 886, 887 (Tex.App.—Waco 2000, no pet.)).[1] However, Marbut's Petition for Discretionary Review points out reasons why we should hear this appeal.

Marbut was indicted for Theft in an amount of $1,500 or more but less than $20,000, a state jail felony. TEX. PEN.CODE ANN. § 31.03 (Vernon 1994). She was placed on deferred adjudication community supervision, which was later revoked. Her guilt was adjudicated on January 24, 2001, and the court assessed eighteen months in a State Jail Facility.

Her issue on appeal is that the trial court erred when it failed to order, sua sponte, a hearing on the issue of her competency to stand trial. The State filed a motion to dismiss the appeal, citing *Craddock*, 32 S.W.3d at 887. An order of the trial court dated February 22, 2001, granting permission to appeal, is in the clerk's record.

The State's motion to dismiss the appeal is denied.

Therefore, we withdraw our opinion and judgment in Cause No. 10–01–091–CR, dated June 13, 2001, and substitute this opinion therefor.[2] TEX.R.APP. P. 50. Marbut's Petition for Discretionary Review is dismissed by operation of law. *Id.*

Justice GRAY dissents.

---

1.  The opinion dated June 13, 2001, dismissed two appeals, No. 10–01–090–CR and No. 10–01–091–CR. The former is an appeal from trial court cause No. 31,023 in which the original charge was "hindering secured creditors" by disposing of property of the value of $1,500 or more but less than $20,000. The latter, this appeal, is an appeal from trial court cause No. 31,191 in which the original charge was Theft of a value of $1,500 or more but less than $20,000. This opinion does not affect our June 13 opinion as it pertains to No. 10–01–090–CR. However, by separate opinion, we are today withdrawing our June 13 opinion in that cause also.

2.  We style this an "opinion" because of the wording of Rule 50. TEX.R.APP. P. 50. Ordinarily, we would deny such a motion by an "order."