**Ray Rivas LUERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–310–CR.**

Court of Appeals of Texas, Waco.

Dec. 28, 2001.

Pete Gilfeather, Attorney At Law, Ft. Worth, for appellant.

Dale S. Hanna, Johnson County Dist. Atty., David W. Vernon, Johnson County Asst. Dist. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Ray Rivas Luera appeals from his plea-bargained conviction for indecency with a child. In this appeal, we decide whether an appellant can substantially comply with the requirements of Rule of Appellate Procedure 25.2(b)(3) and, if so, whether Luera has substantially complied with these requirements. We conclude that substantial compliance can satisfy the requirements of Rule 25.2(b)(3) but that Luera has not shown substantial compliance. Accordingly, we dismiss his appeal for want of jurisdiction.

## I.

Luera pleaded *nolo contendere* to the offense of indecency with a child by exposure. Pursuant to the State's plea recommendation, the court deferred an adjudication of Luera's guilt and placed him on unadjudicated community supervision for ten years. Luera filed a motion to set aside his plea about one month later. He alleged that his plea was involuntary because, at the time he entered his plea, he did not understand that his court-ordered participation in a sex offender counseling program would require him to admit his guilt as a part of the therapeutic process and he did not understand that he would be required to register as a sex offender.

After a hearing, the court denied the motion. The court also informed the parties that it was amending the conditions of Luera's community supervision to include a provision that Luera begin complying with the 1000–foot child safety zone requirement of the community supervision order by 6:00 that evening and report to jail by 6:00 that evening to begin serving the 90 days imposed as a condition of community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 12(a), 13B(a) (Vernon Supp.2002).

Luera informed the court that he intended to appeal and that he would not object to the court's requirement of the child safety zone "as a condition of any [appeal] bond the court would set." The prosecuting attorney concurred that this should be a condition "of any appeal bond" and asked that the court set bail at $25,000. Luera requested that bail be set at $5,000. The court set bail at $25,000 and required as a condition of the appeal bond that Luera comply with the child safety zone.

The prosecutor then asked whether the court would require Luera to comply with the other conditions set out in the community supervision order during the pendency of the appeal. Luera objected that such a requirement would be improper. The court advised that it would require him to comply with all the conditions of community supervision during the pendency of appeal "except for the requirements to pay the fees and fine." The court rejected Luera's request that he not be required to participate in the sex offender counseling program during the appeal. Luera also contended that he should not be required to serve the 90 days imposed as a condition of community supervision during the appeal. The court agreed and stated on the record that he would not be required to do so.

Luera filed a general notice of appeal immediately following the hearing. His sole point of error challenges the court's denial of the motion to set aside his plea.

## II.

An appellant who is convicted and sentenced pursuant to a negotiated guilty plea must comply with the requirements of Rule of Appellate Procedure 25.2(b)(3) to challenge the voluntariness of his plea.[1] *See Proctor v. State*, 45 S.W.3d 762, 764 (Tex.App.-Corpus Christi 2001, no pet.); *Elizondo v. State*, 979 S.W.2d 823, 824 (Tex.App.-Waco 1998, no pet.); *Long v. State*, 980 S.W.2d 878, 878 (Tex.App.-Fort Worth 1998, no pet.); *accord Cooper v. State*, 45 S.W.3d 77, 83 (Tex.Crim.App. 2001) (notice of appeal purporting to pres-

---

1. Rule 25.2(b)(3) does not apply to non-negotiated pleas. *See Hanson v. State*, 11 S.W.3d 285, 287 n. 1 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). Because the legal effect of a plea of *nolo contendere* is identical to that of a guilty plea, we discuss both types of pleas hereinafter under the generic category of "guilty pleas." *See Young v. State*, 8 S.W.3d 656, 664 (Tex.Crim.App.2000) (*nolo* plea has same legal effect as guilty plea).

ent issues raised by pre-trial motion does not give appellate court jurisdiction to review voluntariness); TEX.R.APP. P. 25.2(b)(3). Rule 25.2(b)(3) provides:

> (3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
>
> > (A) specify that the appeal is for a jurisdictional defect;
> >
> > (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
> >
> > (C) state that the trial court granted permission to appeal.

*Id.* "Because voluntariness is neither jurisdictional nor a pre-trial matter, an appellant may challenge the voluntariness of his [plea] only when he first obtains trial court permission." *Elizondo,* 979 S.W.2d at 824; *accord Cooper,* 45 S.W.3d at 83; *Proctor,* 45 S.W.3d at 764; *Long,* 980 S.W.2d at 878.

We dismissed Elizondo's appeal (in which he challenged the voluntariness of his negotiated guilty plea) for want of jurisdiction because he did not state in his notice of appeal that he had the trial court's permission to prosecute the appeal and because our review of the record indicated that the trial court had "emphatically

denied the right to appeal." *See Elizondo,* 979 S.W.2d at 824–25 & n. 4.[2]

Similarly, the Court of Criminal Appeals held in *Cooper* that the appellant could not challenge the voluntariness of his negotiated guilty plea under a notice of appeal purporting to seek review only of issues raised by pre-trial motion. *See Cooper,* 45 S.W.3d at 77–78, 83. Instead, the Court suggested that such a challenge would be better raised in a habeas proceeding. *Id.* at 82–83.

### III.

In the recent past, this Court and others have suggested that strict compliance with the requirements of Rule 25.2(b)(3) is a jurisdictional prerequisite when appealing from a plea-bargained conviction. *See, e.g., Craddock v. State,* 32 S.W.3d 886, 887 (Tex.App.-Waco 2000, no pet.); *Robinson v. State,* 24 S.W.3d 438, 439 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Nevertheless, courts have recognized that substantial compliance may suffice to meet the requirements of Rule 25.2(b)(3). *See, e.g., Martinez v. State,* 50 S.W.3d 572, 576 n. 3 (Tex.App.-Fort Worth 2001, pet. ref'd); *Gomes v. State,* 9 S.W.3d 170, 171–72 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *see also Marbut v. State,* 58 S.W.3d 241, 242 (Tex.App.-Waco 2001, order).

The notion of "substantial compliance" finds its origin in a decision of the Court of Criminal Appeals under former appellate rule 40(b)(1), the predecessor to Rule 25.2(b)(3).[3] In *Riley v. State,* the Court

---

**2.** By going beyond the face of the notice of appeal and examining the record to discern that the trial court had denied permission to appeal, even our decision in *Elizondo* suggests that substantial compliance may be a viable concept, though we did not recognize it as such.

**3.** Rule 40(b)(1) provided in pertinent part:
[I]f the judgment was rendered upon [the defendant's] plea of guilty or nolo conten-

dere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice [of appeal] shall state that the trial court granted permission to appeal or shall speci-

determined that the defendant's general notice of appeal combined with an order in the record granting permission to appeal the court's suppression ruling "substantially complied with Rule 40(b)(1)." 825 S.W.2d 699, 701 (Tex.Crim.App.1992). Our research has disclosed only two other occasions on which the Court of Criminal Appeals discussed substantial compliance in this context. *See State v. Riewe*, 13 S.W.3d 408, 411 (Tex.Crim.App.2000) (regardless of viability of substantial compliance concept, record contains nothing which would indicate substantial compliance); *Davis v. State*, 870 S.W.2d 43, 47 (Tex.Crim.App.1994) (general notice of appeal insufficient and record contains no "other document which combined with appellant's notice of appeal substantially complies with Rule 40(b)(1)"); *see also Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim.App.1994) (trial court's grant of free appellate record does not constitute "implied permission to appeal").

■ The concept of "substantial compliance" as developed in recent cases holds: a notice of appeal substantially complies with rule 25.2(b)(3) and therefore invokes [an appellate court's] jurisdiction if the notice is timely filed and the information required to be specified in the notice is contained elsewhere in the ... record.[4]

*Martinez*, 50 S.W.3d at 576 n. 3. Courts have found substantial compliance in three primary scenarios under Rule 25.2(b)(3) and its predecessor, Rule 40(b)(1).

■ Courts have found substantial compliance when the record contains an order granting the defendant permission to appeal. *See Riley*, 825 S.W.2d at 701; *Marbut*, 58 S.W.3d at 242; *Miller v. State*, 11 S.W.3d 345, 347 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd) (trial court stated on record that it would permit appeal); *Salinas v. State*, 9 S.W.3d 338, 338–39 (Tex. App.-San Antonio 1999, no pet.); *Martinez v. State*, 907 S.W.2d 34, 36 (Tex.App.-San Antonio 1995, no pet.); *Nite v. State*, 882 S.W.2d 587, 589–90 (Tex.App.-Houston [1st Dist.] 1994, no pet.); *but see Happ v. State*, 958 S.W.2d 474, 474–75 (Tex.App.-Fort Worth 1997, no pet.) (trial court's oral grant on the record of permission to appeal does not suffice to establish substantial compliance).

■ Courts have also found substantial compliance from docket notations and entries in the judgment, particularly when other documentary evidence in the record tends to show a valid basis for the appeal. *See Johnson v. State*, 47 S.W.3d 701, 704 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (unsigned docket entry "Defendant gave written notice of appeal as to *motion to suppress only*" combined with handprinted notation "11–16–98 'MTN TO SUPPRESS' " on judgment beside preprinted notation "Notice of Appeal"); *Miller*, 11 S.W.3d at 347 (unsigned docket

---

fy that those matters were raised by written motion and ruled on before trial.

Tex.R.App. P. 40(b)(1), 707–708 S.W.2d (Tex. Cases) lii-liii (Tex.Crim.App.1986, amended 1997).

4. The Fort Worth court limits its "substantial compliance" inquiry to matters found in the "clerk's record." *Martinez v. State*, 50 S.W.3d 572, 576 n. 3 (Tex.App.-Fort Worth 2001, pet. ref'd). However, we believe such an approach elevates form over substance and decline to so limit our review of the

record. *See Miller v. State*, 11 S.W.3d 345, 347 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd) (substantial compliance found based on trial court's statement on record that it would permit appeal of suppression issue); *but see Davis v. State*, 870 S.W.2d 43, 46–47 (Tex. Crim.App.1994) (no substantial compliance though statement of facts reflected trial court's permission to appeal); *Happ v. State*, 958 S.W.2d 474, 474–75 (Tex.App.-Fort Worth 1997, no pet.) (same).

entry "Appeal only on Motion to Suppress" combined with permission to appeal stated on record and judge's signature on notice of appeal with handwritten notation "Motion to Suppress"); *Gomes,* 9 S.W.3d at 172 (unsigned docket sheet entry "Notice of Appeal Filed on Motion to Suppress Only" combined with judge's signature on notice of appeal with handwritten notation "Motion to Suppress Only" and recitation in judgment that notice of appeal filed on "Mo Suppress Only"); *Flores v. State,* 888 S.W.2d 193, 195–96 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) (signed docket entry under heading "ORDERS OF THE COURT" which read "D[efendant] plead guilty per order D[efendant] gave notice of appeal on *pre-trial* ruling").

As the First Court of Appeals explained in *Flores* though:

> As a general rule, docket sheet entries and other instruments found in the appellate record will not constitute substantial compliance with rule 40(b)(1). The reason for this is that, in most cases, the docket sheet is merely a record kept by the clerk showing the order and nature of the proceedings for each criminal action.

*Flores,* 888 S.W.2d at 195. The First Court found the docket entries in *Flores* sufficient because they were signed by the trial judge. *See id.* at 195–96. The Fourteenth Court of Appeals has not insisted upon signed docket entries however. *See Johnson,* 47 S.W.3d at 704; *Miller,* 11 S.W.3d at 347; *Gomes,* 9 S.W.3d at 172.

■ Some courts have looked to the terms of written plea agreements signed by the trial court as sufficient documentary evidence to show substantial compliance. *See Finch v. State,* 66 S.W.3d 323, 326, 2001 Tex.App. LEXIS 1780, at *7–8 (Tex.App.-Fort Worth 2001, order) (parties stipulated in several places in plea papers that defendant preserved right to appeal

issues raised in pre-trial motions, trial court initialed at least one of these notations and judgment and other entries by trial court indicate "RT TO APPEAL PRETRIAL MOTIONS"); *Diaz v. State,* 877 S.W.2d 452, 453 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) (plea agreement stating "Defendant preserves the right to appeal pretrial motion to suppress pursuant to Rule 40(b)(1)" and signed by trial court under paragraph reading in part "I approved the above and the defendant entered a plea of guilty"); *Brown v. State,* 830 S.W.2d 171, 173 (Tex.App.-Dallas 1992, pet. ref'd) ("plea bargain agreement . . . shows the trial court allowed [defendant] to appeal the motion to suppress").

In the only substantial compliance decision our research has disclosed which involved a challenge to the trial court's jurisdiction, the Fort Worth Court found substantial compliance where the appellant attached his birth certificate, which showed that exclusive jurisdiction over his case lay in juvenile court, to a general notice of appeal. *See Ramirez,* 63 S.W.3d 471, 474–75, 2001 Tex.App. LEXIS 1148, at *10 (Tex.App.-Fort Worth 2001, no pet. h.); *but see White v. State,* 61 S.W.3d 424, 429, 2001 Tex.Crim.App. LEXIS 124, at *10–11 (Tex.Crim.App. 2001) (general notice of appeal does not properly invoke appellate court's jurisdiction to consider jurisdictional complaint in appeal from negotiated guilty plea).

■ An appellant cannot establish substantial compliance however by reference to a document not created or to an action not taken until after the time for perfecting appeal has run. *See Martinez,* 50 S.W.3d at 576 n. 3 (no substantial compliance where order granting permission to appeal not signed until six months after judgment); *see also Riewe,* 13 S.W.3d at 413 ("once jurisdiction is lost, the court of

appeals lacks the power to invoke any rule to thereafter obtain jurisdiction").

■ In view of these authorities and consistent with our recent decision in *Marbut*, we hold that a plea-bargaining defendant can invoke the jurisdiction of a court of appeals under Rule 25.2(b)(3) by substantial compliance with the requirements of the rule. We now decide whether Luera has done so in this case.

## IV.

■ Because Luera challenges only the voluntariness of his plea, he must have permission of the trial court to properly invoke our jurisdiction under Rule 25.2(b)(3). *See Proctor*, 45 S.W.3d at 764; *Elizondo*, 979 S.W.2d at 824; *Long*, 980 S.W.2d at 878; *accord Cooper*, 45 S.W.3d at 83. Luera's general notice of appeal does not recite that he has the trial court's permission to appeal this issue. Accordingly, we review the record to determine whether anything therein demonstrates that the court granted permission to appeal, thus establishing substantial compliance with Rule 25.2(b)(3).

■ The clerk's record contains several documents which may bear on this issue. The "1st Amended Condition of Bond" assigns the terms of Luera's community supervision as terms of his appeal bond. This document, which is signed by the trial court, recites, "An appeal has been filed. These are terms of his bond." A document entitled "1st Amended Order as Condition of Bond" imposes the sex offender registration requirement as a condition of the bond. A document entitled "Information to Jailer" sets out the following "miscellaneous information":

> The court sets bond at $25,000 $^{00}$ conditioned on Defendant complying with all conditions of his community supervision except for paying fine, fees, court costs, and serving 90 days in County Jail, pending determination of his appeal.

The docket sheet contains the following notation regarding the August 25 hearing on Luera's motion to set aside his plea:

> Court will deny m/ new trial and Court will deny m/ set aside plea. Court order 1st Amend probation papers be prepaired [sic]. Court order dft report to LEC to serve 90 days as a cond. of probation. dft files ~~motion~~ notice of appeal. Court set appeal bond amount at 25000.00 as cond. of bond child safety zone .... as stated into record. Must comply with terms of probation, with the exceptions of fine, fee, dft will do 90 days with a bond set at 25000.00.

> WB/PB

The reporter's record reflects that, after Luera advised the trial court of his intent to appeal, the court set various conditions for his appeal bond and set the amount of bail which would be required for the bond. As noted previously in part I, the reporter's record contains a lengthy exchange regarding the appropriate conditions for the appeal bond. The court never stated on the record or in writing that Luera had permission to appeal. In essence, the record reflects two bases from which we might distill that the court granted Luera permission to appeal: (1) a docket entry and other documents in the clerk's record acknowledging the filing of his notice of appeal; and (2) docket entries and other documents in the clerk's record reflecting the setting of bail pending appeal and the conditions of the appeal bond and comments on the record regarding the appeal bond. We discuss these in turn.

## V.

■ Each of the "docket entry" cases cited above reflects a particularized docket

entry indicating the defendant's intent to appeal suppression issues. *See Johnson*, 47 S.W.3d at 704 ("Defendant gave written notice of appeal as to *motion to suppress only* "); *Miller*, 11 S.W.3d at 347 ("Appeal only on Motion to Suppress"); *Gomes*, 9 S.W.3d at 172 ("Notice of Appeal Filed on Motion to Suppress Only"); *Flores*, 888 S.W.2d at 195–96 ("D[efendant] gave notice of appeal on *pre-trial* ruling"). From these cases we conclude that a docket entry acknowledging only that an appeal has been filed will not suffice by itself to establish substantial compliance with Rule 25.2(b)(3). *See Betz v. State*, 36 S.W.3d 227, 229 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

■ Our research has disclosed no cases holding that the setting of bail pending appeal equates to permission to appeal. Rather, the cases consistently hold to the contrary. *See Strnad v. State*, 39 S.W.3d 363, 365 (Tex.App.-Houston [1st Dist.] ), *rev'd on other grounds*, 55 S.W.3d 624 (Tex.Crim.App.2001); *Miller v. State*, 879 S.W.2d 336, 338 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd); *Rodriguez v. State*, 844 S.W.2d 905, 909–11 (Tex.App.-San Antonio 1992, pet. ref'd). The cases so hold because a trial court must set bail pending appeal for any defendant eligible for same, regardless of whether the court has denied permission to appeal. *See Strnad*, 39 S.W.3d at 365; *Ex parte Zigmond*, 933 S.W.2d 666, 668 (Tex.App.-San Antonio 1996, no pet.); *Miller*, 879 S.W.2d at 338; *Campos v. State*, 818 S.W.2d 872, 875 (Tex. App.-Houston [14th Dist.] 1991), *pet. ref'd*, 821 S.W.2d 162 (Tex.Crim.App.1992).

As the court explained in *Zigmond:*

Whether this court has jurisdiction over an appeal is an issue for *this court* to determine. While a trial court may deny an appellant *permission* to appeal, and thereby limit the scope of the appeal, the trial court has no authority to deny the *right* to appeal in its entirety. It is apparent that the trial court in these cases denied bond pending appeal based on its belief that it could determine this court's jurisdiction and deny the right to appeal. This was clearly error.

*Zigmond*, 933 S.W.2d at 668 (footnote omitted).

■ In a similar context, Texas courts have concluded that neither the granting of a "free" record for appeal nor the appointment of appellate counsel equates to permission to appeal. *See Lyon*, 872 S.W.2d at 736 (record); *Hutchins v. State*, 887 S.W.2d 207, 210 (Tex.App.-Austin 1994, pet. ref'd) (appointment of counsel).

From these authorities we conclude that the extensive discussions on the record regarding the amount of bail pending appeal and the appropriate conditions for the appeal bond, the docket notations and other filed documents reflecting these matters, and the trial court's action in setting bail pending appeal do not indicate that the court gave Luera permission to appeal. We likewise conclude that the additional docket entry noting that Luera filed his notice of appeal adds nothing to indicate permission was granted.

## VI.

Luera filed a general notice of appeal. The record contains nothing to indicate that the trial court granted him permission to appeal. Accordingly, we conclude that substantial compliance with Rule 25.2(b)(3) has not been shown. Thus, we dismiss Luera's appeal for want of jurisdiction.

Justice GRAY concurring.

TOM GRAY, Justice, concurring.

I agree with the majority's decision to dismiss Luera's appeal for want of jurisdiction. I do not, however, agree with the

majority's decision that substantial compliance can satisfy the requirements of Rule 25.2(b)(3). First, the majority has once again stepped outside the boundaries of what is necessary to decide the opinion. A decision about substantial compliance is not necessary to the disposition of the appeal. Second, for the same reasons as stated in our original *Marbut* opinion[1], purportedly withdrawn by the *Marbut* opinion cited by the majority, I believe the doctrine of substantial compliance cannot satisfy the notice of appeal requirements in the Rules of Appellate Procedure.

With these comments, I concur in the result reached by the majority's opinion.

## APPENDIX

### IN THE TENTH COURT OF APPEALS

### No. 10–01–090–CR

### No. 10–01–091–CR

### BONNIE SUE MARBUT, Appellant

### v.

### THE STATE OF TEXAS, Appellee

**From the 66th District Court, Hill County, Texas, Trial Court Nos. 31,023 & 31,191**

Appeal dismissed

Opinion delivered and filed June 13, 2001

Before Chief Justice Davis, Justice Vance, and Justice Gray.

### OPINION

TOM GRAY, Justice

Bonnie Sue Marbut pled guilty to the offenses of hindering secured creditors and theft by check. Pursuant to a plea bargain, Marbut was placed on deferred adjudication. The State filed a motion to proceed to final adjudication and, after a hearing, the court granted the State's motion, found Marbut guilty and sentenced her to 18 months' imprisonment. The day after sentencing, Marbut filed a general notice of appeal.

After the notice of appeal was filed, but within thirty days of sentencing, the court granted Marbut permission to appeal. The order granting permission is in the clerk's record. The notice of appeal was not amended to reflect that Marbut was granted permission to appeal. We are required to dismiss the appeal for want of jurisdiction.

Where a defendant pleads guilty or nolo contendere with the benefit of a plea agreement and the punishment assessed does not exceed the agreed punishment, a defendant's notice of appeal must comply with the extra-notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. Tex.R.App. 25.2(b)(3); *Craddock v. State*, 32 S.W.3d 886, 887 (Tex. App.-Waco 2000, no pet.).

Undoubtedly, Marbut's general notice of appeal did not comply with Rule 25.2(b)(3). However, many of our sister courts have held that an order contained in the clerk's record granting permission to appeal coupled with a general notice of appeal is substantial compliance with the requirements of Rule 25.2(b)(3). *See Finch v. State*, 66 S.W.3d 323, 324–25 (Tex.App.-Fort Worth 2001, no pet. h.); *Gomes v. State*, 9 S.W.3d 170, 172 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Salinas v. State*, 9 S.W.3d 338, 339 (Tex.App.-San Antonio 1999, no pet.); *Flores v. State*, 888 S.W.2d 193, 196 (Tex.App.-Houston [1st

---

1. *See Marbut v. State*, 10–01–090 & 091–CR (Tex.App.-Waco June 13, 2001), attached as an Appendix to this opinion.

Dist.] 1994, pet. ref'd); *Brown v. State*, 830 S.W.2d 171, 173 (Tex.App.-Dallas 1992, pet. ref'd). The courts finding substantial compliance with the Rule rely on *Riley*, a 1992 Court of Criminal Appeals opinion. *See Riley v. State*, 825 S.W.2d 699, 701 (Tex.Crim.App.1992). We believe that *Riley* was effectively overruled by the Court of Criminal Appeals in *State v. Riewe*, 13 S.W.3d 408, 410–13 (Tex.Crim.App.2000).

In *Riewe*, the Court of Criminal Appeals held that the State, as appellant, did not invoke the jurisdiction of the Court of Appeals by its original notice of appeal, because it did not contain two statutorily required certifications that (1) the appeal was not taken for delay and (2) that the evidence suppressed by the trial court was of "substantial importance" in the case. *Id.* at 411–13. The Court further held that, because the original notice did not confer jurisdiction on the court of appeals, an amended notice of appeal filed by the State pursuant to Rule 25.2(d), which did contain the previously omitted certifications, could not retroactively confer jurisdiction on the Court of Appeals. *Id.* at 413; TEX.R.APP. P. 25.2(d).

According to *Riewe*, the only amendments permitted under Rule 25.2(d) are non-jurisdictional amendments. *Id.* Marbut has filed an amended notice of appeal citing Rule 25.2(d) as authority. Under *Riewe*, the amended notice of appeal cannot confer jurisdiction on this Court. *Craddock v. State*, 32 S.W.3d 886, 887 (Tex.App.-Waco 2000, no pet.). Additionally, we believe that *Riewe* prohibits us from looking to the clerk's record to find documents to satisfy the criteria of Rule 25.2(b)(3). The Court of Criminal Appeals reaffirmed in *Riewe* that prior case law prevents a court of appeals from using another appellate rule to create jurisdic-

tion where none existed. *Riewe*, 13 S.W.3d at 412; *See also Sipple v. State*, 36 S.W.3d 592, 594 (Tex.App.-Waco 2000, no pet.) (citing *Slaton v. State*, 981 S.W.2d 208 (Tex.Crim.App.1998); *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim.App.1996)). The Court has routinely held that a court of appeals cannot use any rule to create jurisdiction without a proper notice of appeal. *Sipple*, 36 S.W.3d at 594 (citing *Jones v. State*, 796 S.W.2d 183 (Tex.Crim. App.1990)). "The point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction." *Id.*

Thus, when Marbut filed the defective notice of appeal, it did not invoke our jurisdiction because it failed to comply with Rule 25.2(b)(3). Because we have no jurisdiction to take any action in a case until our jurisdiction has been properly invoked, we cannot use the doctrine of "substantial compliance" to obtain jurisdiction. We therefore have no jurisdiction over this appeal and dismiss it.

Justice VANCE concurring.

BILL VANCE, Justice, concurring.

This is another in a growing line of cases in which the defendant has been denied the right of appeal because of an unsound interpretation of the Rules of Appellate Procedure.

We have dismissed numerous appeals for failure to comply with the extra-notice provisions of Rule 25.2(b)(3). TEX.R.APP. P. 25.2(b)(3). Twice, I dissented from published opinions: *Craddock v. State*, 32 S.W.3d 886, 888 (Tex.App.-Waco 2000, no pet.) (Vance, J., dissenting), where we dismissed the appeal without allowing an opportunity to amend, and *Sipple v. State*, 36 S.W.3d 592, 594 (Tex.App.-Waco 2000, pet. filed) (Vance, J., dissenting), where

dismissal resulted in spite of an amended notice of appeal on file.[2]

In a concurring opinion in *Casas v. State*, I said:

> Although I remain convinced that *Craddock v. State* was incorrectly decided, the court correctly applies that decision in this appeal. *Craddock v. State*, 32 S.W.3d 886 (Tex.App.-Waco, 2000). Accordingly, I join the court's opinion and will hereafter do so in similar circumstances.

*Casas v. State*, 33 S.W.3d 874, 875 (Tex. App.-Waco 2000, pet. ref'd) (Vance, J., concurring). Now, however, the Court of Criminal Appeals has refused the petition for discretionary review in *Casas*. So, I write again.

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides the mechanism to correct a defective notice of appeal:

> *(d) Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

TEX.R.APP. P. 25.2(d). The rule as written allows Marbut to amend her notice of appeal because her brief has not been filed. *Id.*

Rule 25.2(d) was adopted by the Court of Criminal Appeals. Its meaning is plain. Until the Court either repeals the rule or explains why the provision allowing

amendment has no application, I will continue to believe that dismissal is improper when we do not allow the defendant an opportunity to amend the notice of appeal as allowed by the Rule. When a procedure traps too many unsuspecting appellants, it is time to examine the reasons why.

Furthermore, such a dismissal ultimately results in a waste of judicial resources. *See Craddock*, 32 S.W.3d at 890; *Sipple*, 36 S.W.3d at 596. It also runs counter to the goal of harmonizing the interpretation and application of the combined appellate rules in civil and criminal cases. *See id.*

Because of the number of defendants who are being denied their right to appellate review without justification and in violation of the clear terms of Rule 25.2(d), I concur only because of our prior decisions cited above.

---

2. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim.App.2000), on which *Craddock* and *Sipple* are based, involved a state's notice of appeal, which is governed by article 44.01 of the Code of Criminal Procedure rather than Rule 25.2 of the appellate rules.