**Derrick Anthony WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–02–014–CR.

Court of Appeals of Texas, Waco.

Feb. 27, 2002.

Derrick Anthony Walker, Dallas, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER CONCERNING COUNSEL OF RECORD

PER CURIAM.

Derrick Anthony Walker pleaded guilty to unauthorized use of a motor vehicle. Pursuant to the State's plea recommendation, the court sentenced Walker to eighteen months' confinement in a state jail, suspended imposition of sentence, and placed Walker on community supervision for five years. Walker timely filed a pro se motion for new trial and a pro se notice of appeal. He now asks this Court to appoint counsel to represent him on appeal.

The trial court accepted Walker's pauper's oath on August 10, 2001 and appointed attorney Lyle Gripp to represent him. The court pronounced Walker's sentence on December 18, 2001. Walker filed his pro se motion for new trial and notice of appeal on January 8, 2002. The clerk's record was filed on January 10. Walker filed a pro se motion for appointment of appellate counsel on February 10, 2002.

■ The version of article 26.04 of the Code of Criminal Procedure applicable to Walker's case provides in pertinent part, "An attorney appointed under this subsection shall represent the defendant until . . . appeals are exhausted[ ] or the attorney is relieved of his duties by the court or replaced by other counsel." Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws 3321, 3322 (amended 2001) (current version at Tex.Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.2002)). The record does not reflect that Mr. Gripp has been "relieved of his duties by the court or replaced by other counsel." *Id.* Accordingly, we consider him counsel of record for Walker. See *Burnett v. State*, 959 S.W.2d 652, 655 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). For this reason we dismiss Walker's pro se motion for appointment of counsel as moot.[1]

■ Because Walker pleaded guilty and his punishment does not exceed that recommended by the State, his notice of appeal must comply with Rule of Appellate Procedure 25.2(b)(3). See Tex.R.App. P. 25.2(b)(3); *White v. State*, 61 S.W.3d 424, 428–29 (Tex.Crim.App.2001); see also *Luera v. State*, No. 10–00–310–CR, slip op. at 9, 2001 WL 1664895, 2001 Tex.App. LEXIS 8565, at *14 (Tex.App.-Waco Dec.28, 2001, pet. filed) ("a plea-bargaining defendant can invoke the jurisdiction of a court of appeals under Rule 25.2(b)(3) by sub-

---

1. Additionally, this Court is not authorized to appoint counsel to represent appellants in criminal cases. *See* Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws 3321, 3322 (amended 2001) (current version at Tex.Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.2002)); *Sowels v. State*, 45 S.W.3d 690, 692 (Tex.App.-Waco 2001, no pet.) (citing *Enriquez v. State*, 999 S.W.2d 906, 907–08 (Tex.App.-Waco 1999, order, no pet.)). That authority remains with the trial court. *Id.*

stantial compliance with the requirements of the rule").

■ Walker's general notice of appeal does not satisfy the requirements of Rule 25.2(b)(3). The clerk's record does not contain any information to support a contention that he has substantially complied with the rule. Accordingly, it appears that Walker's appeal is subject to dismissal for want of jurisdiction.

■ However, the time for perfecting his appeal has not yet run. See Tex. R.App. P. 26.2(a)(2). Thus, Walker may still amend his notice of appeal to comply with Rule 25.2(b)(3). See *Brown v. State*, 53 S.W.3d 734, 738 (Tex.App.-Dallas 2001, pet. ref'd), and compare *State v. Riewe*, 13 S.W.3d 408, 412–14 (Tex.Crim.App.2000) (amended notice of appeal filed after time for perfecting appeal had run held ineffective to invoke appellate jurisdiction).

For this reason, we hereby notify Walker's counsel[2] that this appeal is subject to dismissal.[3] See Tex.R.App. P. 44.3. If counsel fails to file an amended notice of appeal which complies with Rule 25.2(b)(3) or a written response which demonstrates substantial compliance with the rule within the time period set by Rule 26.2(a)(2), this appeal will be dismissed for want of jurisdiction.

Justice TOM GRAY concurring.

TOM GRAY, Justice, concurring.

For the reasons stated in my concurring opinion in *Luera v. State*, I cannot join that portion of the order which suggests that Walker can substantially comply with Rule 25.2(b)(3). See *Luera v. State*, No. 10–00–310–CR, 2001 WL 1664895, 2001 Tex.App. LEXIS 8565, at *20–28 (Tex. App.-Waco Dec.28, 2001, pet. filed) (Gray, J. concurring).

---

**2.** We notified Walker himself of this defect by letter dated January 17, 2002. Walker has not responded to this notice.

**3.** Because of our ruling on Walker's *pro se* motion for appointment of counsel, we are providing him a copy of this Order as well.