Opinion issued August 28, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-00–01294-CR
____________

ERICK LEON BRADLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 820285




OPINION ON REMAND
          Appellant, Erick Leon Bradley, pleaded no contest to the charge of engaging
in organized criminal activity after the trial court denied his pre-trial motion to quash
the indictment. See Tex. Pen. Code Ann. § 71.02 (Vernon 2003). The trial court
found appellant guilty and, in accordance with a plea agreement, assessed punishment
at eight years in prison. This Court originally dismissed appellant’s appeal for lack
of jurisdiction.


 The Texas Court of Criminal Appeals reversed this Court’s judgment
and remanded the case to this Court to reconsider in light of Bayless v. State, 91
S.W.3d 801(Tex. Crim. App. 2002).


 This time, we determine whether appellant
waived his right of appeal and whether the trial court could give permission to appeal
that overrode appellant’s waiver. We again dismiss the appeal.Procedural History
          Appellant entered his plea of no contest on October 9, 2000, with an agreement
that the prosecutor would recommend an eight-year sentence. On October 27, 2000,
appellant filed his pro se notice of appeal. On November 15, 2000, appellant filed
an amended notice of appeal. The amended notice was approved and signed by the
trial court, which set the appeal bond at $80,000. Jurisdiction
          In his first point of error, appellant contends that this Court has jurisdiction to
hear his appeal.
 
          An appellant must give timely and proper notice of appeal in order to invoke
the jurisdiction of an appellate court. State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.
Crim. App. 2000), overruled on other grounds by Bayless v. State, 91 S.W.3d 801
(Tex. Crim. App. 2002). Failure to invoke the court’s jurisdiction properly will result
in dismissal. Lyon v. State, 872 S.W.2d 732, 736-37 (Tex. Crim. App. 1994). 
          At the time that appellant entered into his negotiated plea agreement, he was
required to comply with former Texas Rule of Appellate Procedure 25.2(b)(3). See
former Tex. R. App. P. 25.2(b)(3), 948-49 S.W.2d (Texas Cases) XCVI (Tex. Crim.
App. 1997, amended 2003) (specifying method of perfecting appeal for defendant
who entered plea of guilty or no contest as provision of plea bargain and whose
sentence did not exceed punishment recommended by prosecutor and agreed to by
defendant). The notice of appeal required that the defendant (1) specify that the
appeal was for a jurisdictional defect, (2) specify that the substance of the appeal was
raised by written motion and ruled on before trial, or (3) state that the trial court had
granted permission to appeal. See id.


 
          Appellant’s original pro se notice of appeal did not conform to the standard in
former rule 25.2(b)(3). However, appellant’s amended notice of appeal met the
standards set forth in former rule 25.2(b)(3). Appellant’s amended notice of appeal
contained the following sentence: 
The Defendant further pleads and alleges that if this appeal is from a
judgment rendered on a plea of guilty or nolo contendere that the trial
court granted permission to appeal, or that if the trial court did not
exceed the prosecutor’s recommended punishment, that this appeal is for
a jurisdictional defect, or that the substance of the appeal was raised by
a WRITTEN MOTION TO QUASH WHICH WAS DENIED and
ruled on before trial.
          In Bayless v. State, the Court of Criminal Appeals recently held that former
Rule of Appellate Procedure 25.2(d), effective at the time that appellant filed his
amended notice, “specifically provides that an amended notice of appeal correcting
a defect or omission in an earlier filed notice may be filed at any time before the
appellant’s brief is filed.” Bayless, 91 S.W.3d at 806; see former Tex. R. App. P.
25.2(d), 948-49 S.W.2d (Texas Cases) XCVI (Tex. Crim. App. 1997, amended
2003).


 Bayless expressly overruled an earlier Court of Criminal Appeals’s opinion,
State v. Riewe,


 which had held that, if the time for filing a proper notice of appeal
had expired, an appellant could not file an amended notice of appeal to correct
jurisdictional defects. See Bayless, 91 S.W.3d at 806. We had relied on State v.
Riewe in our original opinion.
          Appellant filed his amended notice of appeal before he filed his brief, and that
notice tracked the requirements of former rule 25.2(b)(3), including permission of the
trial court and appellant’s right to appeal any pretrial motion. Therefore, in light of
Bayless, it would appear that we have jurisdiction over this appeal because
appellant’s amended notice of appeal was valid and timely.
          The State nevertheless argues that appellant waived his right to appeal by
signing a form Waiver of Constitutional Rights and Agreement to Stipulate. 
Appellant responds that the record rebuts the presumption that he waived his right to
appeal by signing this form because the trial court allegedly granted him permission
to appeal. See Alzarka v. State, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (holding,
“[T]he record, in which the trial judge, the district attorney, and appellant’s attorney
repeatedly made statements agreeing that appellant would be permitted to appeal,
directly contradicts and rebuts any presumption raised by the terms of the boiler-plate
plea form signed by appellant and reflects that appellant did not waive appeal.”). In
support, appellant relies on two aspects of his amended notice of appeal. First,
appellant relies on the amended notice’s recital of the language from former rule
25.2(b)(3) that he had received permission from the trial court to appeal, which notice
was signed by the trial court. Second, appellant claims that the trial court
demonstrated its granting of permission to appeal by signing within the amended
notice orders setting an $80,000 appeal bond and appointing appellate counsel. In the
appeal-bond order, the trial court purports to note and to approve the foregoing
amended notice. Appellant thus claims that, under Alzarka, he has rebutted the
presumption that he waived his right to appeal.


 
          However, these indicia of permission to appeal are ambiguous. See Luera v.
State, 71 S.W.3d 408, 415-16 (Tex. App.—Waco 2001, pet. ref’d) (holding that the
trial court’s signing of an appeal-bond order and another order appointing counsel do
not constitute permission to appeal). The record lacks an affirmative statement by the
trial court that permission to appeal was granted. In Blanco v. State, the Court of
Criminal Appeals, in upholding the validity of a defendant’s waiver of his right to
appeal, emphasized the importance of holding both parties to their bargain. See id.,
18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Therefore, attempts to renege on a plea-bargain agreement should be scrutinized closely.
          Even if the trial court had clearly given appellant permission to appeal, such
permission would not necessarily rebut the presumption that appellant had waived his
right to appeal or otherwise overrule appellant’s waiver of his right to appeal. In 
Alzarka, the Court of Criminal Appeals had a record that clearly showed that the trial
court, the prosecutor, and the defense counsel all agreed that the defendant was going
to be appealing as part of the plea-bargain agreement. See id., 90 S.W.3d at 323-24. 
Under those circumstances, the Court of Criminal Appeals noted that the language
waiving Alzarka’s right to appeal had been included, or had not been crossed out, by
oversight. See id. at 324. Thus, the record sufficiently rebutted any presumption
raised by the boiler-plate language in the plea form waiving Alzarka’s right to appeal. 
Id. In this case, there are no similar events in the record, concurrent in time with
appellant’s entry of his plea of no contest, rebutting a presumption that appellant
waived his right to appeal as reflected in his plea form. 
          We notice that appellant’s plea form contained an admonishment that a
defendant has a right to appeal denials of pre-trial motions. Our sister court has held
that such an admonishment sufficiently rebuts whatever presumption might be raised
by the boiler-plate waiver of the right of appeal found in the plea form. See White v.
State, No. 14-01-01251-CR, slip op. at 2 (Tex. App.—Houston [14th Dist.] Feb. 13,
2003, no pet. h.) (designated for publication). We disagree with White because an
admonishment merely informs a defendant of his right to appeal. It logically and
chronologically precedes a defendant’s waiver of the right to appeal. An
admonishment of the right to appeal simply does not provide the type of record held
in Alzarka sufficiently to rebut a presumption of a waiver of the right to appeal. 
Thus, we give no rebuttal weight to the admonishment of the right to appeal in this
case. 
          In the absence of any other record concurrent with the entry of appellant’s plea
of no contest pursuant to a plea-bargain agreement, when the State and appellant
agreed that appellant’s punishment be assessed at eight years in prison, and when the
trial court followed the agreement, we must presume that appellant’s waiver of his
right to appeal was part of the plea-bargain agreement. Events that came thereafter,
such as the amended notice of appeal purporting to show the trial court’s permission
to appeal, or the trial court’s setting appeal bond, or the trial court’s appointing
appellate counsel, cannot undo the plea-bargain agreement entered between appellant
and the State and agreed to by the trial court. It would be a different matter if the trial
court had signed findings of fact explicitly showing that the trial court and the parties
were all in agreement, as part of the plea-bargain conditions, that appellant was not
waiving his right to appeal and that the failure to cross out the boiler-plate waiver of
the right to appeal was an oversight. Such a record does not exist here, however.
          Accordingly, we hold that appellant waived his right to appeal as part of the
plea-bargain agreement and that, even if the trial court had later clearly given
permission to appeal, that permission would have been an insufficient basis upon
which to find rebuttal of appellant’s waiver of appeal.


Therefore, we overrule appellant’s first point of error and dismiss his appeal. 
See Blanco, 18 S.W.3d at 219-20.


 Because we must dismiss appellant’s appeal, we
do not reach appellant’s second point of error, which challenges the trial court’s
denial of appellant’s motion to quash the indictment. 
                                                         Conclusion
          We dismiss the appeal.
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
 
Publish. Tex. R. App. P. 47.2(b).