**William YORK, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–01–448–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 14, 2002.

David A. Pearson, IV, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney and Charles M. Mallin, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Panel D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

DAUPHINOT, Justice.

William York attempts to appeal his theft conviction. We dismiss the appeal for want of jurisdiction.

On August 15, 2001, pursuant to a plea bargain agreement, Appellant pleaded guilty to the offense of theft under $1,500 and true to the allegation that he had been twice previously convicted of theft, and the trial court assessed his punishment at eight months' confinement. Following the plea hearing, Appellant filed a notice of appeal in which he asserts that he suffers from a chemical or mental disorder, as we understand his pleadings, affecting his competence to stand trial and the voluntariness of his plea, and in which he complains of ineffective assistance of counsel, in part because counsel did not inquire into the degree of Appellant's mental defect.

Upon receipt of the clerk's record, we informed Appellant's counsel by letter that Appellant's pro se notice of appeal failed to conform to the mandatory requirements of rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.[1] We requested counsel to identify any issues or points that may be raised on appeal and explain why those issues or points warrant continuation of

---

1. Tex.R.App. P. 25.2(b)(3).

the appeal, notwithstanding the jurisdictional requirements of rule 25.2(b)(3).

In his letter brief, Appellant's counsel candidly acknowledges that Appellant's notice of appeal fails to comply with the requirements of rule 25.2(b)(3). He further acknowledges that in a plea-bargained, felony case, rule 25.2(b)(3) does not permit Appellant's competence to stand trial or the voluntariness of Appellant's plea to be raised on appeal,[2] and that at least one court of appeals has held that it lacked jurisdiction to consider claims of ineffective assistance where the Appellant failed to invoke appellate jurisdiction by filing a general notice of appeal.[3]

■ Jurisdiction concerns the power of a court to hear and determine a case.[4] Appellate jurisdiction is invoked by giving timely and proper notice of appeal.[5] Rule 25.2 of the rules of appellate procedure governing perfection of an appeal in a criminal case provides in relevant part as follows:

### 25.2  Criminal Cases.

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the Appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, *the notice must:*

(A) *specify that the appeal is for a jurisdictional defect;*

(B) *specify that the substance of the appeal was raised by written motion and ruled on before trial; or*

(C) *state that the trial court granted permission to appeal.*[6]

To invoke this court's jurisdiction over an appeal from a negotiated guilty plea, a notice of appeal must conform to the mandatory notice requirements of rule 25.2(b)(3).[7]

■ In the instant case, Appellant's guilty plea was the result of a plea bargain agreement in which he bargained for and received eight months' imprisonment for his crime. Although he brought the question of his competence to the trial court's attention in his pro se motion in arrest of judgment and motion for new trial, he did not bring this question to the court's attention before or during trial, contrary to the clear mandate of article 46.02 of the code

---

2. *See Cooper v. State,* 45 S.W.3d 77, 77 (Tex. Crim.App.2001).

3. *See Proctor v. State,* 45 S.W.3d 762, 764 (Tex.App.—Corpus Christi 2001, no pet.).

4. *State v. Riewe,* 13 S.W.3d 408, 410 (Tex. Crim.App.2000); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996).

5. *White v. State,* 61 S.W.3d 424, 428 (Tex. Crim.App.2001); *Riewe,* 13 S.W.3d at 410;

*Lemmons v. State,* 818 S.W.2d 58, 60 (Tex. Crim.App.1991).

6. Tex.R.App. P. 25.2(a)–(b) (emphasis added).

7. Tex.R.App. P. 25.2(b)(3); *Martinez v. State,* 50 S.W.3d 572, 574 (Tex.App.—Fort Worth 2001, pet. ref'd); *Villanueva v. State,* 977 S.W.2d 693, 695 (Tex.App.—Fort Worth 1998, no pet.).

of criminal procedure.[8] Nor are Appellant's motions for new trial and in arrest of judgment sufficient to show an abuse of discretion on the part of the trial court in refusing to hold hearings.

The court of criminal appeals instructs us that Appellant was required to comply with the notice requirements of rule 25.2(b)(3) to invoke our jurisdiction. His notice, however, fails to do so. It does not specify that the appeal is for a jurisdictional defect, that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal.

Because Appellant's notice of appeal fails to comply with rule 25.2(b)(3), his notice fails to confer jurisdiction on this court. Absent appellate jurisdiction, we cannot abate for the trial court to make inquiry into the grave issue of Appellant's competence to stand trial.[9] We can take no action other than to dismiss the appeal.[10] Accordingly, we have no alternative but to dismiss the appeal for want of jurisdiction.[11]

---

8. Tex.Code Crim. Proc. Ann. art. 46.02 (Vernon 1979 & Supp.2002); *see also Brown v. State,* 960 S.W.2d 772, 775 (Tex.App.—Dallas 1997, pet. ref'd).

9. *See Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966); *Drope v. Missouri,* 420 U.S. 162, 172–74, 95 S.Ct. 896, 904–05, 43 L.Ed.2d 103 (1975).

10. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998); *Olivo,* 918 S.W.2d at 523–25.

