COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-009-CR
 

  
LISA 
R. MALLARD                                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
June 13, 2003, the trial court revoked the community supervision of Appellant 
Lisa R. Mallard, adjudicated her guilty of aggravated assault with a deadly 
weapon, and sentenced her to eight years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice. No motion for new trial 
was filed. Appellant’s notice of appeal was due by July 14, 2003.[2]  It was not filed until November 18, 2003; thus it 
was untimely.[3]
        Because 
the notice of appeal was untimely, we sent a letter to Appellant requesting a 
response showing grounds for continuing the appeal, as it appeared we lacked 
jurisdiction.  Appellant’s response indicates that she has filed a 
post-conviction application for a writ of habeas corpus in the trial court. It 
does not, however, provide grounds for continuing the appeal.
        A 
notice of appeal that complies with the requirements of rule 26 is essential to 
vest this court with jurisdiction.[4]  The Texas 
Court of Criminal Appeals has expressly held that, without a timely filed notice 
of appeal or motion for extension of time, we cannot exercise jurisdiction over 
an appeal.[5]   Because Appellant’s notice 
of appeal was untimely filed, we dismiss this case for want of jurisdiction.[6]
 

  
                                                                  PER 
CURIAM

  
PANEL D:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
February 5, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Tex. R. App. P. 26.2(a)(1).
3. 
See id.
4. 
Id.; see Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 
1998); York v. State, 69 S.W.3d 792, 794 n.5 (Tex. App.—Fort Worth 
2002, no pet.).
5. 
See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see 
also Slaton, 981 S.W.2d at 210.
6. 
See Tex. R. App. P. 26.2(a)(1), 43.2(f).