ALBERT CHRISTOPHER SOLIS V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-473-CR

NO. 2-03-474-CR

ALBERT CHRISTOPHER SOLIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
th
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 18, 2002, pursuant to a plea bargain, the trial court found Appellant Albert Christopher Solis guilty of aggravated assault with a deadly weapon and, for each case, sentenced him to four years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  No motion for new trial was filed.  Appellant’s notice of appeal was due by November 18, 2002.
(footnote: 2)  It was not received until September 4, 2003; thus it was untimely.
(footnote: 3)
 Because the notice of appeal was untimely, we sent a letter to Appellant requesting a response showing grounds for continuing the appeal, as it appeared we lacked jurisdiction.  Appellant’s response lists the grounds upon which he would like to appeal and indicates that his post-conviction applications for writs of habeas corpus are being heard below.  It does not, however, provide grounds for continuing the appeal.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.
(footnote: 4)  The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.
(footnote: 5)  
Because Appellant’s notice of appeal was untimely filed, we dismiss these cases for want of jurisdiction.
(footnote: 6)

PER CURIAM

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  FEBRUARY 5, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 26.2(a)(1).

3:
See id.

4:
Id.
; 
see Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); 
York v. State
, 69 S.W.3d 792, 794 n.5 (Tex. App.—Fort Worth 2002, no pet.). 

5:
See Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);
 see also Slaton
, 981 S.W.2d at 210.

6:
See 
Tex. R. App. P.
 26.2(a)(1), 43.2(f).