COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-473-CR
NO. 2-03-474-CR
 

  
ALBERT 
CHRISTOPHER SOLIS                                                 APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 396th DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
October 18, 2002, pursuant to a plea bargain, the trial court found Appellant 
Albert Christopher Solis guilty of aggravated assault with a deadly weapon and, 
for each case, sentenced him to four years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice. No motion for new trial 
was filed. Appellant’s notice of appeal was due by November 18, 2002.[2]  It was not received until September 4, 2003; thus it 
was untimely.[3]
        Because 
the notice of appeal was untimely, we sent a letter to Appellant requesting a 
response showing grounds for continuing the appeal, as it appeared we lacked 
jurisdiction. Appellant’s response lists the grounds upon which he would like 
to appeal and indicates that his post-conviction applications for writs of 
habeas corpus are being heard below. It does not, however, provide grounds for 
continuing the appeal.
        A 
notice of appeal that complies with the requirements of rule 26 is essential to 
vest this court with jurisdiction.[4]  The Texas 
Court of Criminal Appeals has expressly held that, without a timely filed notice 
of appeal or motion for extension of time, we cannot exercise jurisdiction over 
an appeal.[5]  Because Appellant’s notice of 
appeal was untimely filed, we dismiss these cases for want of jurisdiction.[6]
 

  
                                                                           PER 
CURIAM

  
PANEL D:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
FEBRUARY 5, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Tex. R. App. P. 
26.2(a)(1).
3. 
See id.
4. 
Id.; see Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 
1998); York v. State, 69 S.W.3d 792, 794 n.5 (Tex. App.—Fort Worth 
2002, no pet.).
5. 
See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see 
also Slaton, 981 S.W.2d at 210.
6. 
See Tex. R. App. P. 
26.2(a)(1), 43.2(f).