COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-518-CR

  
LOUIS 
IVORY, JR.                                                                 APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
August 7, 2003, a jury found Appellant Louis Ivory, Jr. guilty of indecency with 
a child by exposure, and, after Appellant pled true to the habitual offender 
notice, the trial court sentenced him to forty-five years’ confinement in the 
Institutional Division of the Texas Department of Criminal Justice. No motion 
for new trial was filed. Appellant’s notice of appeal was due by September 8, 
2003.[2]  It was not received until December 5, 
2003; thus it was untimely.[3]
        Because 
the notice of appeal was untimely, we sent a letter to Appellant on December 18, 
2003, requesting a response showing grounds for continuing the appeal, as it 
appeared we lacked jurisdiction. We received no response.
        A 
notice of appeal that complies with the requirements of rule 26 is essential to 
vest this court with jurisdiction.[4]  The Texas 
Court of Criminal Appeals has expressly held that, without a timely filed notice 
of appeal or motion for extension of time, we cannot exercise jurisdiction over 
an appeal.[5]  Because Appellant’s notice of 
appeal was untimely filed, we dismiss this case for want of jurisdiction.[6]
 
  
                                                                  PER 
CURIAM
  
PANEL D:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
March 4, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. App. P. 26.2(a)(1).
3.  
Id.
4.  
Id.; see Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 
1998); York v. State, 69 S.W.3d 792, 794 n.5 (Tex. App.—Fort Worth 
2002, no pet.).
5.  
See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see 
also Slaton, 981 S.W.2d at 210.
6.  
See Tex. R. App. P. 26.2(a)(1), 43.2(f).