William Hemmi v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-138-CR

WILLIAM HEMMI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235
TH
 DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On January 14, 2005, Appellant William Hemmi pled guilty to possession of methamphetamine with intent to manufacture, and the trial court sentenced him to twenty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a motion for new trial on February 14, 2005.  Consequently, his notice of appeal was due April 14, 2005.
(footnote: 2)  The notice of appeal, dated April 15, 2005, was not filed until April 15, 2005; thus it was untimely.
(footnote: 3)
 Because the notice of appeal was untimely and it appeared we lacked jurisdiction, we sent a letter to Appellant on April 26, 2005, requesting a response showing grounds for continuing the appeal.  We also explained the types of evidence Appellant could submit to show that he had mailed his notice of appeal timely.
(footnote: 4)  We received no response.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.
(footnote: 5)  The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.
(footnote: 6)  
Because Appellant’s notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.
(footnote: 7)

PER CURIAM

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 9, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 26.2(a)(2).

3:
See id.

4:
See
 
Tex. R. App. P.
 9.2(b)(2).

5:
Tex. R. App. P.
 26.2(a)(2)
; 
see Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); 
York v. State
, 69 S.W.3d 792, 794 n.5 (Tex. App.—Fort Worth 2002, no pet.).

6:
See Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);
 see also Slaton
, 981 S.W.2d at 210.

7:
See 
Tex. R. App. P.
 26.2(a)(2), 43.2(f).