COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-138-CR
 
  
WILLIAM 
HEMMI                                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
January 14, 2005, Appellant William Hemmi pled guilty to possession of 
methamphetamine with intent to manufacture, and the trial court sentenced him to 
twenty-five years’ confinement in the Institutional Division of the Texas 
Department of Criminal Justice.  Appellant filed a motion for new trial on 
February 14, 2005. Consequently, his notice of appeal was due April 14, 2005.[2]  The notice of appeal, dated April 15, 2005, was not 
filed until April 15, 2005; thus it was untimely.[3]
        Because 
the notice of appeal was untimely and it appeared we lacked jurisdiction, we 
sent a letter to Appellant on April 26, 2005, requesting a response showing 
grounds for continuing the appeal.  We also explained the types of evidence 
Appellant could submit to show that he had mailed his notice of appeal timely.[4]  We received no response.
        A 
notice of appeal that complies with the requirements of rule 26 is essential to 
vest this court with jurisdiction.[5]  The Texas 
Court of Criminal Appeals has expressly held that, without a timely filed notice 
of appeal or motion for extension of time, we cannot exercise jurisdiction over 
an appeal.[6]  Because Appellant’s notice of 
appeal was untimely filed, we dismiss this case for want of jurisdiction.[7]

 
                                                                           PER 
CURIAM
 
 
 
PANEL 
D:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  See 
Tex. R. App. P. 26.2(a)(2).
3.  
See id.
4.  
See Tex. R. App. P. 
9.2(b)(2).
5.  
Tex. R. App. P. 26.2(a)(2); see 
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); York v. 
State, 69 S.W.3d 792, 794 n.5 (Tex. App.—Fort Worth 2002, no pet.).
6.  
See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see 
also Slaton, 981 S.W.2d at 210.
7.  
See Tex. R. App. P. 
26.2(a)(2), 43.2(f).