COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.  2-05-412-CR

 

 

BONNIE SWEET                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

On September 19, 2005, appellant Bonnie Sweet
entered an open plea of guilty to burglary of a habitation with a deadly
weapon, and the trial court sentenced her to sixteen years=
confinement.  Sweet=s notice
of appeal was due October 19, 2005.  See
Tex. R. App. P. 26.2(a)(1).  Sweet did not file her notice of appeal,
however, until October 27, 2005.








On November 16, 2005, we notified Sweet of our
concern that we lacked jurisdiction over the appeal due to its untimeliness and
informed her that the appeal was subject to dismissal unless she filed a
response advising us whether the mailbox rule applied in this case.  See Tex.
R. App. P. 9.2(b).  Her
court-appointed appellate attorney responded on November 23, 2005,
acknowledging that Sweet=s notice of appeal was mailed
October 26 and filed October 27, 2005, and stating that he was unaware of any
other facts that would cause him to believe that she had filed the notice of
appeal any earlier.

A
notice of appeal that complies with the requirements of rule 26 of the Texas
Rules of Appellate Procedure is essential to vest this court with
jurisdiction.  See Tex. R. App. P. 26.2(a)(1); Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); York v. State,
69 S.W.3d 792, 793 n.5 (Tex. App.CFort Worth 2002, no pet.).  The Texas Court of Criminal Appeals has
expressly held that, without a timely filed notice of appeal or motion for
extension of time, we cannot exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996).  Because
Sweet=s notice of appeal was
untimely filed, we dismiss this case for want of jurisdiction.  See Tex.
R. App. P. 43.2(f).

 

 

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  December 29, 2005











[1]See Tex. R. App. P.
47.4.