COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-170-CR

 

 

JORGE BARRON                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

On February 20, 2008, the trial court sentenced
appellant Jorge Barron to three hundred sixty five days=
confinement and a $2,021 fine upon his conviction by a jury for misdemeanor
assault-family violence.  Appellant
timely filed a motion for new trial; thus, his notice of appeal was due May 20,
2008.  See Tex. R. App. P. 26.2(a)(2).








On July 10, 2008, we notified appellant of our
concern that we lacked jurisdiction over this appeal because his notice of
appeal was not filed in the trial court until May 22, 2008.[2]  We informed appellant that the appeal was
subject to dismissal unless he filed a response on or before July 21, 2008
advising us whether the mailbox rule applies in this case.  See Tex.
R. App. P. 9.2(b).  Appellant has
not filed a response.

A notice of appeal that complies with the
requirements of rule 26 of the rules of appellate procedure is essential to
vest this court with jurisdiction over an appeal.  See Tex.
R. App. P. 26.2(a)(1); Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998); York v. State, 69 S.W.3d 792, 793 (Tex. App.CFort
Worth 2002, no pet.).  The Texas Court of
Criminal Appeals has expressly held that without a timely filed notice of
appeal or motion for extension of time, we cannot exercise jurisdiction over an
appeal.  See Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). 
Because appellant=s notice of appeal was untimely
filed and he did not timely file a motion for 

 

 








extension of time, we dismiss this case for want of jurisdiction.  See Tex.
R. App. P. 43.2(f).

 

PER CURIAM

PANEL:  LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: August 21, 2008











[1]See Tex. R. App. P. 47.4.





[2]Appellant did not file a
motion for extension of time to file the notice of appeal.  See Tex.
R. App. P. 26.3.