**Ex parte Paul Peter ZIGMOND, Jr.**

**Nos. 04–96–00463–CR to 04–96–00468–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 4, 1996.

Nancy B. Barohn, San Antonio, for Appellant.

Lynn Ellison, Carrie Moy Majors, Assistant District Attorney, Jourdanton, for Appellee.

Before CHAPA, C.J., and LOPEZ and HARDBERGER, JJ.

PER CURIAM.

In each of these cases, the trial court convicted appellant of arson upon his plea of guilty. The court assessed punishment at fourteen years confinement in accordance with a plea bargain agreement. The court set bond of $20,000 pending resolution of appellant's motion for new trial. After overruling that motion, the court denied appellant's request for permission to appeal and refused to set bond pending appeal. The sole issue on this appeal is whether the trial court erred in refusing to set bond pending appeal because the trial court was of the opinion that this court would not have jurisdiction.

 Appellant's sentence in each case was confinement for fourteen years, the sentences to run concurrently. Because appellant's punishment does not exceed fifteen years confinement, he is clearly eligible for bond pending appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(b), (c) (Vernon Supp. 1996). It is also undisputed that appellant is suitable for bond pending appeal.[1] At the hearing on bond pending the motion for new trial, appellant presented extensive evidence of his suitability. The trial court expressly noted that there was no evidence to indicate good cause to believe that appellant would not appear when his convictions become final and no evidence to indicate good cause to believe that appellant would commit an offense while on bail.

Even though the trial court had previously determined that appellant was suitable for bond, at the time of the hearing on bond pending appeal the trial court refused to allow appellant to present any further evidence of suitability. The court based its denial of bond solely on its interpretation of the law. As stated both on the record of the hearing and in the court's written order, the court found that (1) appellant was not raising any jurisdictional issues; (2) the trial court denied permission to appeal; and (3) bond pending appeal was denied because the trial court did not believe there were any issues to appeal.

 A defendant who wishes to appeal from a plea-bargained conviction must state in his notice of appeal either that he has obtained the trial court's permission to appeal or that he is appealing matters that were raised by written motion and ruled on before trial. TEX.R.APP. P. 40(b)(1); *see also Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App. 1994). Appellant's notice of appeal does not state either of these things. But this does not necessarily mean that appellant's appeal is completely foreclosed. A general notice of appeal is still sufficient to confer jurisdiction on the court of appeals to consider jurisdic-

---

1. The State does not address appellant's suitability for bond in its brief, but relies solely on the position that the trial court properly denied bond because this court would not have jurisdiction over appellant's appeal.

tional issues. *Lyon v. State*, 872 S.W.2d at 736.

Appellant raised the issue of voluntariness of his plea in his motion for new trial and it appears that this is an issue that he seeks to raise on appeal.[2] This court has previously held that voluntariness of a plea is not a jurisdictional issue. *See Flowers v. State*, 04–94–0057–CR, 1995 WL 570579 (Tex. App.—San Antonio 1995, pet. granted); *Martinez v. State*, 907 S.W.2d 34, 35–36 (Tex. App.—San Antonio 1995, no pet.). The Court of Criminal Appeals has granted petition for discretionary review in *Flowers* to review this holding. While the mere granting of discretionary review does not abrogate our prior holdings, it might give this court cause to reconsider those holdings or to abate affected appeals pending resolution of the issue in the Court of Criminal Appeals. Further, even if this court applies its prior holdings in appellant's cases and dismisses his appeals, appellant will have the right to file petitions for discretionary review in the Court of Criminal Appeals to challenge those dismissals.

■ Whether this court has jurisdiction over an appeal is an issue for *this court* to determine. While a trial court may deny an appellant *permission* to appeal, and thereby limit the scope of the appeal, the trial court has no authority to deny the *right* to appeal in its entirety. It is apparent that the trial court in these cases denied bond pending appeal based on its belief that it could determine this court's jurisdiction and deny the right to appeal.[3] This was clearly error.

The record reflects that appellant is eligible and suitable for bond pending appeal. The trial court's order denying bond pending appeal is reversed and these causes are remanded to that court to set reasonable bond pending appeal.

---

2. We note that the issues appellant may raise on appeal are not restricted to those raised in the motion for new trial. A motion for new trial is not a prerequisite to a criminal appeal unless evidence must be adduced. Tex.R.App. P. 30(a).

3. The trial court stated on the record: "But this court has denied the right the [sic] appeal. There is nothing as far as this court is concerned to appeal and so there will be no bond set."