COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )

                                                                              )              No.  08-03-00068-CR

                                                                              )

IN RE:  DONNY L. BRETZ                                 )     AN
ORIGINAL PROCEEDING

                                                                              )

                                                                              )                
IN MANDAMUS

                                                                              )

                                                                              )

 

 

MEMORANDUM  OPINION
ON WRIT OF MANDAMUS

 

Donny L. Bretz seeks a writ of mandamus compelling the trial court
to appoint counsel for him in a proceeding for forensic DNA testing.  For the reasons that follow, we will dismiss
the petition.

Procedural Background

Bretz filed a motion for appointment of counsel to assist
him in preparing a motion for forensic DNA testing.  On July 15, 2002, the trial court signed an
order denying the motion for appointment of counsel.  On July 31, 2002, Bretz
filed a notice of appeal from this order. Attached to the notice of appeal was
a ADeclaration of Inability to Pay Cost,@ stating that Bretz=s only asset is an inmate trust fund
containing $15, and the only income he receives is approximately $5 per month
from relatives and friends.  The notice
of appeal contains the handwritten notation A8/20/02
Denied.@








Bretz subsequently filed a petition for writ of mandamus in
this Court.  He argues that the trial
court abused its discretion by denying the motion for appointment of counsel.[1]  We ordered the State to file a response to
the petition.  Although the State did not
file a response, the trial court forwarded to this Court an order appointing
counsel for Bretz.

Discussion

To obtain mandamus
relief in a criminal matter, the relator must
establish that (1) the act sought to be compelled is ministerial, and (2) there
is no adequate remedy at law.  Dickens v. Court of Appeals for Second Supreme Judicial Dist. of
Texas, 727 S.W.2d 542, 548 (Tex.Crim.App. 1987).








A convicted person
is entitled to counsel during a proceeding for forensic DNA testing. Tex.Code Crim.Proc.Ann.
art. 64.01(c)(Vernon Supp.
2003).  AIf
a convicted person informs the convicting court that the person wishes to
submit a motion [for forensic DNA testing] and if the court determines that the
person is indigent, the court shall appoint counsel for the person.@ 
[Emphasis added].  Id.  The convicted person does not need to make a prima
facie case of entitlement to DNA testing before the right to counsel
attaches.  In re Rodriguez, 77
S.W.3d 459, 461 (Tex.App.--Corpus Christi 2002, orig.
proceeding).  The only requirements for
the appointment of counsel are a request for counsel and indigence.  Id.; accord Clark v. State, 84  S.W.3d 313, 314 (Tex.App.--Beaumont 2002, pet. ref=d);
Gray v. State, 69 S.W.3d 835, 837 (Tex.App.--Waco
2002, no pet.).  Once a convicted person
meets those requirements, the trial court has a ministerial duty to appoint
counsel.  Rodriguez, 77 S.W.3d at 461.

There is no appeal
from an order refusing to appoint counsel in a forensic DNA proceeding.  McIntosh v. State, 10-01-00409-CR to
10-01-00418-CR, slip op. at 1, 2002 WL 31779905, at *1 (Tex.App.--Waco,
Dec. 11, 2002, no pet. h.); see also Tex.Code Crim.Proc.Ann. art.
64.05 (setting forth the matters that may be appealed).  Therefore, there is no adequate remedy at law.  See, e.g., Rodriguez, 77 S.W.3d
at 461 (conditionally granting writ of mandamus compelling trial court to
appoint counsel in DNA proceeding).

In this case, the
trial court appointed counsel for Bretz after Bretz filed his petition for writ of mandamus.  Because the trial court has thus granted the
relief Bretz sought, we dismiss the petition as moot.

 

April
17, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Bretz also complains of the trial court=s purported denial of the notice of
appeal.  As stated below, a party cannot
appeal from an order refusing to appoint counsel in a proceeding for forensic
DNA testing.  Nevertheless, a trial judge
does not have the authority to deny a notice of appeal.  See Ex parte Zigmond, 933 S.W.2d
666, 668 (Tex.App.--San Antonio 1996, no pet.).  Moreover, upon the filing of a notice of
appeal, the trial court clerk has the duty to file the clerk=s record in this Court if the fee has
been paid or if the appellant is entitled to appeal without paying the
fee.  See Tex.R.App.P. 35.3(a).  We did not receive a clerk=s record for Bretz=s attempted appeal.