Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JOSE VENANCIO RODRIGUEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00203-CR

Appeal from the

179th District Court

of Harris County, Texas

(TC#967799)




MEMORANDUM OPINION
           Pending before the Court is Appellant’s request for the appointment of appellate
counsel. For the reasons that follow, we will grant the request.
Background
           The trial court filed a certification of Appellant’s right of appeal, stating that this is
a plea bargain case and Appellant has no right to appeal. Therefore, in accordance with
the established procedures of this Court, the Clerk of Court requested that Appellant’s
counsel file a letter brief addressing whether Appellant has the right to appeal. See Stowe
v. State, 124 S.W.3d 228, 232 (Tex. App.--El Paso 2003, no pet.). Subsequently, we were
notified that Appellant had not retained an attorney to represent him on appeal, and
Appellant filed a request for appointment of counsel. Noting these facts, we issued an
order, stating:
It is therefore ORDERED that the trial judge conduct a hearing to
determine whether [A]ppellant is indigent and entitled to appointment of
new counsel, and to make appropriate findings and recommendations. The
trial judge shall take such measures as may be necessary to assure effective
assistance of counsel, which may include appointment of new counsel. The
record of such hearing, including any orders and/or findings of the trial
judge, shall be prepared, certified and forwarded to this office on or before
September 12, 2004. (Emphasis added.)

           In response to our order, we received a letter from the Honorable J. Michael
Wilkinson, Judge of the 179th District Court of Harris County, stating, “This is in
reference to your letter [sic] requesting [sic] a hearing to give [Appellant] an appeal
attorney. The court is not going to give him an attorney because he waived his right to an
appeal. You have a copy of that document in your file.” Because Judge Wilkinson’s
letter exhibited an obvious misunderstanding of the duties entrusted to him by our order,
this Court instructed its Chief Deputy Clerk to make a courtesy call to the trial court,
explaining that our order required a hearing to be conducted. A series of communications
between the trial court coordinator and the Chief Deputy Clerk ensued.
           On September 16, 2004--four days after the date specified in our order--we
received a supplemental clerk’s record containing a docket sheet with a handwritten
notation stating that although Judge Wilkinson found Appellant to be indigent, he did not
appoint an attorney. On September 30, 2004--more than two weeks after the date
specified in our order--we received a transcription of the hearing. At the hearing, Judge
Wilkinson noted, “The Eighth Court, in their [sic] infinite wisdom, is ordering me to hold
a hearing . . . .” And at the conclusion of the hearing, he stated:
Well, I am finding that the appellant is indeed indigent. I am also
finding that the defendant does not, repeat, not have a Right of Appeal. So,
once again, we’re going to send it back to the Eighth District Court; and
again, in their infinite wisdom, if they should order me to appoint counsel to
represent this defendant so that counsel could file an Anders Brief so that
Harris County can spend some more money for court-appointed counsel on
a case where very clearly everybody is aware it was a plea bargain case--I
followed the recommendation and there were Trial Court certifications [sic]
that the defendant had no Right of Appeal--if they want me to appoint
counsel, I’ll do so when they order me to do so.

While we hardly think our wisdom is infinite, given the tenor of Judge Wilkinson’s
remarks, it appears necessary to set forth the law that is applicable in this situation.
Discussion
           This Court has the authority to determine whether a defendant has the right to
appeal. Although the Texas Rules of Appellate Procedure require a trial judge to issue a
certification of the defendant’s right of appeal, we have expressly held that we have the
authority to inquire into the accuracy of a trial court certification and to require the trial
court to correct the certification if it is wrong. See Tex. R. App. P. 25.2(a)(2), (d); Stowe,
124 S.W.3d at 233, 236.


 We also have the authority to determine the validity of any
waiver of the right to appeal. See id. at 235-36.
           Stowe is in keeping with well-established precedent that an appellate court has the
authority to determine its own jurisdiction. As one of our sister appellate courts has
stated, “Whether this court has jurisdiction over an appeal is an issue for this court to
determine. . . . [T]he trial court has no authority to deny the right to appeal in its
entirety.” Ex parte Zigmond, 933 S.W.2d 666, 668 (Tex. App.--San Antonio 1996, no
pet.). Both of the Houston appellate courts have ruled similarly. See Perez v. State, 4
S.W.3d 305, 307 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (“This Court, not any
other, retains the power to determine the existence and limits of its jurisdiction . . . .”);
Campos v. State, 818 S.W.2d 872, 875 (Tex. App.--Houston [14th Dist.] 1991), pet. ref’d,
821 S.W.2d 162 (Tex. Crim. App. 1992) (“[T]he trial court had no authority to deny
appellant his right to give notice of appeal. If appellant has waived his right to appeal
certain matters, it is a matter within the jurisdiction of the Court of Appeals to decide and
not within the jurisdiction of the trial court to decide.”).
           Over forty years ago, the United States Supreme Court held that an indigent
criminal defendant is entitled to the appointment of counsel to represent him in his first
appeal as of right. Douglas v. California, 372 U.S. 353, 355-58, 83 S.Ct. 814, 815-17, 9
L.Ed.2d 811 (1963); see also Tex. Code Crim. Proc. Ann. art. 1.051(d)(1) (Vernon
Supp. 2004-05) (providing for the appointment of counsel for an appeal to the court of
appeals). In Douglas, the state appellate court refused the indigent defendants’ request
for counsel because it “had ‘gone through’ the record and had come to the conclusion that
‘no good whatever could be served by appointment of counsel.’” 372 U.S. at 354-55, 83
S.Ct. at 815. The Supreme Court held that this procedure denied indigent defendants the
right to equal protection under the law. Id. at 355-57, 83 S.Ct. at 815-16. Thus, it is
apparent that regardless of how fervently the trial judge believes that Appellant has no
right to appeal, Appellant is nevertheless entitled to the appointment of counsel in this, his
first appeal as of right.
           It is therefore ORDERED that Appellant’s request for appointment of counsel is
GRANTED. It is further ORDERED that the trial court shall appoint counsel to represent
Appellant in this appeal and that the trial court clerk shall file in this Court a supplemental
clerk’s record containing the order of appointment. The supplemental clerk’s record is
due within fifteen days from the date of this opinion.
 
                                                                             SUSAN LARSEN, Justice
November 10, 2004

Before Panel No. 1
Larsen, McClure, and Chew, JJ.

(Do Not Publish)