In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00110-CR


______________________________




LEE VERT SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 06F0744-005




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Lee Vert Smith attempts to appeal his conviction for aggravated sexual assault of a child. 
Smith entered into a plea agreement and was sentenced in accordance therewith to twenty-five years'
imprisonment. 

 The record contains a certification from the trial court that this "is a plea-bargain case, and
the defendant has NO right of appeal." See Tex. R. App. P. 25.2.

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Smith has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal.

 Accordingly, we dismiss the appeal for want of jurisdiction.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 12, 2008

Date Decided: June 13, 2008


Do Not Publish



"> Vandver had thirty days after the day sentence was imposed to file a notice of appeal. See
Tex. R. App. P. 26.2(a)(1). Therefore, Vandver had until December 14, 2007, to file a notice of
appeal. This appeal is untimely and we are without jurisdiction to hear this case.

 We dismiss this appeal for want of jurisdiction. (1)


 Jack Carter

 Justice


Date Submitted: July 29, 2008

Date Decided: July 30, 2008


Do Not Publish


1. We note that the trial entered a handwritten notation July 15, 2008, that the appeal was
untimely filed. While the trial court was correct about the timeliness of the appeal, whether this
Court has jurisdiction is an issue for this Court to determine. A trial court may in certain
circumstances deny an appellant permission to appeal, but the court has no authority to deny the right
of appeal in its entirety. Ex parte Zigmond, 933 S.W.2d 666 (Tex. App.--San Antonio 1996, no
pet.); see Samaniego v. State, 952 S.W.2d 50, 51 n.2 (Tex. App.--San Antonio 1997, no pet.).