In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00155-CR


______________________________




JONATHAN LYNN VANDVER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 22060




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Jonathan Lynn Vandver appeals from his guilty verdict for sexual assault of a child. The
sentence was imposed November 14, 2007. Vandver did not file a motion for new trial, and his
appeal was filed July 10, 2008. 

 Vandver had thirty days after the day sentence was imposed to file a notice of appeal. See
Tex. R. App. P. 26.2(a)(1). Therefore, Vandver had until December 14, 2007, to file a notice of
appeal. This appeal is untimely and we are without jurisdiction to hear this case.

 We dismiss this appeal for want of jurisdiction. (1)


 Jack Carter

 Justice


Date Submitted: July 29, 2008

Date Decided: July 30, 2008


Do Not Publish


1. We note that the trial entered a handwritten notation July 15, 2008, that the appeal was
untimely filed. While the trial court was correct about the timeliness of the appeal, whether this
Court has jurisdiction is an issue for this Court to determine. A trial court may in certain
circumstances deny an appellant permission to appeal, but the court has no authority to deny the right
of appeal in its entirety. Ex parte Zigmond, 933 S.W.2d 666 (Tex. App.--San Antonio 1996, no
pet.); see Samaniego v. State, 952 S.W.2d 50, 51 n.2 (Tex. App.--San Antonio 1997, no pet.).


In his pro se petition for writ of mandamus, Allan Haggerty seems to advance two
points, both centering on whether Gary Young, county and district attorney for Lamar
County, should be disqualified from prosecuting Haggerty based on Young's representation
of Haggerty in 1994. Since Haggerty does not make clear the basis for his petition, we
address in turn the two arguments raised in his petition. 
          First, Haggerty contends Young should have been disqualified from prosecuting him
in trial court cause number 20559 in which Haggerty has been convicted. Haggerty also
explains that an investigator with the Lamar County District Attorney's office is married to
his cousin. While Haggerty does not specify the remedy he seeks, he seems to imply that
he wants a new trial in connection with cause number 20559. Initially, we note the
inadequacies of Haggerty's petition in that he fails to provide this Court with the necessary
information to demonstrate that he is entitled to relief. See Tex. R. App. P. 52.3.
          More importantly, however, to the extent he is asking this Court to order the trial
court to retroactively disqualify Young and order a new trial, this Court cannot do so. 
Mandamus is an extreme remedy and will not be granted unless no other remedy at law
exists. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). Here,
Haggerty's remedy, if any, in connection with the offense for which he has been convicted,
is best sought by application for writ of habeas corpus. See Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon 2005); Ex parte Miller, 696 S.W.2d 908, 908–09 (Tex. Crim. App. 1985). 
Because an application for writ of habeas corpus is a more appropriate vehicle with which
to bring this collateral attack, Haggerty would not be entitled to a writ of mandamus even
if his petition did comply with Rule 52.3. See In re Harrison, 187 S.W.3d 199, 200 (Tex.
App.—Texarkana 2006, orig. proceeding).
          In his second argument, Haggerty explains there is another case pending against
him and then takes the position that he does not want Young or Young's office participating
in the prosecution of this second case. Haggerty has the burden of providing this Court
with a sufficient record to establish his right to mandamus relief. See Tex. R. App. P.
52.3(j)(1); Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). He does not, however,
provide any record from which we can decide whether he is entitled to mandamus relief. 
Additionally, the petition itself fails to comply with Rule 52.3 in several other respects. See
Tex. R. App. P. 52.3. So, to the extent Haggerty seeks prospective relief, we also deny his
petition for failure to comply with Rule 52.3. 
          For the above-stated reasons, we deny Haggerty's petition for writ of mandamus. 




                                                                Donald Ross
                                                                Justice
 
Date Submitted:      June 12, 2006
Date Decided:         June 13, 2006